## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

MARLO BISH,

               Plaintiff,

    v.

ACADIA PHARMACEUTICALS INC.,

             Defendant.

Case No. 3:21-cv-435

## <u>NOTICE OF REMOVAL BY DEFENDANT</u>

**PLEASE TAKE NOTICE** that Defendant Acadia Pharmaceuticals Inc. ("Defendant") hereby removes this action with full reservation of all defenses from the Superior Court of the Judicial District of Middlesex at Middletown, Connecticut to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, Defendant states as follows:

1.    **<u>Complaint and Nature of the Action.</u>** On February 23, 2021, Plaintiff Marlo Bish ("Plaintiff"), a former employee of Defendant, filed this action, entitled "*Marlo Bish v. Acadia Pharmaceuticals Inc.*," Case No. MMX-CV21-6030586-S, in the Superior Court of the Judicial District of Middlesex at Middletown, Connecticut (the "State Court Action"). Plaintiff alleges that she was wrongfully terminated after returning from a medical leave for exercising her rights under the Connecticut Workers' Compensation Act ("CWCA"), Conn. Gen. Stat. § 31-275 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Plaintiff asserts two causes of action against Defendant: (1) a claim for retaliation under Section 31-290a of the CWCA, Conn. Gen. Stat. § 31-290a; and (2) a claim for retaliation under Section 105 of the FMLA, 29 U.S.C.

§ 2612. Plaintiff seeks lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees and costs. A true and correct copy of the Summons, Complaint, and Statement of Amount in Demand filed in the State Court Action is attached as **Exhibit A** to the Notice of Removal.

2. **Service on Defendant.** Plaintiff served the Summons, Complaint, and Statement of Amount in Demand in Exhibit A on Defendant and its agent for service of process, Corporation Service Company ("CSC"), by mail under Conn. Gen. Stat. § 33-929(b) on February 25, 2021. A true and correct copy of the Return of Service filed in the State Court Action is attached as **Exhibit B** to the Notice of Removal. Service is effective under Conn. Gen. Stat. § 33-929(d) at the earliest of: (1) the date the foreign corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the foreign corporation; and (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed. *See* Conn. Gen. Stat. § 33-929(d). The documents were received on March 1, 2021—one day before the fifth day after mailing (March 2, 2021). Thus, service was completed on March 1, 2021.

3. **Basis for Jurisdiction.** Removal of a state court action is proper where the federal court has original jurisdiction over the action based on federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. Here, the Court has original jurisdiction over the State Court Action based on both federal question jurisdiction and diversity jurisdiction.

a **Federal Question Jurisdiction.** The Court has federal question jurisdiction over the State Court Action because Plaintiff's second cause of action arises under federal law, namely, Section 105 of the FMLA.

b **Diversity Jurisdiction.** The Court has diversity jurisdiction over the State Court Action because complete diversity exists between the parties and the amount in controversy exceeds $75,000. Complete diversity exists under 28 U.S.C. § 1332 because Plaintiff is a citizen of Connecticut and Defendant is a Delaware corporation with its principal place of business in San Diego, California. *See* Compl. ¶¶ 1-2 at Ex. A. The amount in controversy requirement is satisfied for two separate and independent reasons. First, Plaintiff seeks lost wages and benefits and, during her employment with Defendant, her annual salary and bonus alone were more than $175,000. *See* Compl. ¶¶ 23, 30 at Ex. A (alleging that she "has sustained lost wages and benefits of employment" and "has been deprived of the benefits of gainful employment in the future"). Second, Plaintiff seeks punitive damages and attorneys' fees pursuant to her first cause of action for retaliation under Section 31-290a of the CWCA. *See id.* ¶¶ 23, 30, and Prayer for Relief (seeking punitive damages and attorneys' fees).

c This Court has held that:

> When evaluating the amount in controversy presented by state law causes of action, federal courts look to state law to determine the nature and extent of the right to be enforced. If punitive damages are permitted under controlling law, a demand for punitive damages may be included for purposes of the jurisdictional amount analysis. The potential recovery of attorney[s]' fees, where statutorily allowed, may also be considered to establish the amount in controversy.

*Parola v. Citibank (South Dakota), N.A.*, No. 3:11-cv-1017 (VLB), 2011 WL 5374146, at *2 (D. Conn. Nov. 8, 2011) (amount in controversy requirement was satisfied because plaintiff sought punitive damages and attorneys' fees under Connecticut's Unfair Trade Practices Act) (internal citations and quotation marks omitted). Here, Section 31-290a of the CWCA expressly authorizes

employees who are discharged or discriminated against for exercising their rights under the CWCA to bring a civil action for payment of back wages, reestablishment of employee benefits, punitive damages, and reasonable attorneys' fees and costs. Thus, Plaintiff's claim for unspecified punitive damages and attorneys' fees can be used to establish the amount in controversy requirement.

4.     **Removal Is Timely.** As discussed in Section 2 *supra*, the Summons and Complaint were received on March 1, 2021. Accordingly, the Notice of Removal was timely filed within 30 days after the date of receipt of a summons and copy of the initial pleading setting forth the claim for relief upon which the State Court Action is based. *See* 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that 30-day time period under removal statute begins to run from the date of formal service).

5.     **Venue.** Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Superior Court of the Judicial District of Middlesex at Middletown, Connecticut is located within this District.

6.     **Pleadings and Process.** As required by 28 U.S.C. § 1446(a), attached as Exhibit A to the Notice of Removal is "a copy of all process, pleadings, and orders served upon" Defendant in the State Court Action.

7.     **Filing of Removal Papers.** Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of the State Court Action will be given to Plaintiff's counsel, and a true and correct copy of the Notice of Removal will be filed with the Superior Court of the Judicial District of Middlesex at Middletown, Connecticut.

8.     **Request for Briefing and Oral Argument.** Should any question arise as to the propriety of the removal of the State Court Action, Defendant respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position.

**WHEREFORE**, Defendant prays that the State Court Action be removed to and proceed in this Court.

Dated:  March 29, 2021

ACADIA PHARMACEUTICALS INC.

By   /s/ Evan I. Cohen
       Evan I. Cohen (ct29799)
       Benjamin M. Arrow (ct30723)
       FINN DIXON & HERLING LLP
       6 Landmark Square
       Stamford, CT 06901
       Tel: (203) 325-5000
       Fax: (203) 325-5001
       ecohen@fdh.com
       barrow@fdh.com

       Mary Dollarhide (ct12251)
       DLA PIPER LLP
       4365 Executive Drive, Suite 1100
       San Diego, CA 92121
       Tel: 858-677-1429
       Fax: 858-735-4292

       *Attorneys for Defendant*
       Acadia Pharmaceuticals Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 29, 2021, he caused a true and correct copy of the foregoing Notice of Removal to be served by email and first class mail on Matthew D. Paradisi, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Avenue Hartford, CT 06114.

/s/ Evan I. Cohen
Evan I. Cohen
FINN DIXON & HERLING LLP
6 Landmark Square
Stamford, CT 06901
Tel: (203) 325-5000
Fax: (203) 325-5001
ecohen@fdh.com